HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HELI DE BOTTON,

    Plaintiff,

  v.

CAROLYN W. COLVIN, in her capacity as Commissioner of the Social Security Administration,

    Defendant.

CASE NO. C13-1916 RAJ

ORDER

This matter comes before the court on the Report and Recommendation ("R&R") of the Honorable Mary Alice Theiler, United States Magistrate Judge. Dkt. # 23. Judge Theiler recommends that the court affirm the decision of the administrative law judge ("ALJ") and dismiss Plaintiff Heli De Botton's appeal of the refusal of the Social Security Administration ("SSA") to award her disability insurance benefits. Plaintiff has objected (Dkt. # 24) to the R&R, advancing essentially the same arguments that she made in her opening and reply briefs. The court has considered her objections, the briefs the parties submitted to Judge Theiler, and the Administrative Record ("AR").

ORDER – 1

The court has performed a *de novo* review and concludes that the Magistrate Judge carefully and accurately reviewed the record and thoroughly addressed plaintiff's claims. The court concurs with the analysis and conclusions of the Magistrate Judge.

The court believes, however, that one issue merits additional discussion. A few months after plaintiff's alleged disability began, her three children were placed in the temporary custody of plaintiff's parents. AR 680. During this time period, plaintiff was not allowed to visit her parents' home because she had previously committed acts of domestic violence against them, which resulted in a protective order. *Id.*

In connection with a dependency proceeding related to her children, the Department of Social and Health Services ("DSHS") referred plaintiff to Dr. Michael O'Leary for a psychological evaluation. *Id.* Dr. O'Leary diagnosed plaintiff with dysthymia, major depression, panic disorder, pain disorder, adjustment disorder and mixed personality disorder. Dr. O'Leary also noted that she was in need of intensive psychiatric services to include psychopharmological intervention and behavioral counseling. He recommended against reunification with her children, finding that their best interests would be served through provision of a predictable, stable, safe, adequately structured, and consistently nurturing home environment and that plaintiff was incapable, at that time, of providing such an environment. AR 679-99.

The ALJ considered Dr. O'Leary's opinion and gave it "some weight" in concluding that plaintiff had a significant mental health condition. The ALJ noted, however, "that at the time of the hearing, the claimant had regained custody of her children." AR 19. With respect to her Residual Functional Capacity, the ALJ ultimately concluded that plaintiff could perform light work with only incidental public contact. AR 16.

Plaintiff argues that the ALJ in fact rejected several aspects of Dr. O'Leary's opinion. She claims that Dr. O'Leary made several relevant observations and identified

ORDER – 2

functional limitations and that the ALJ should have been required to provide "clear and convincing" reasons for rejecting Dr. O'Leary's opinion. The court disagrees.

Dr. O'Leary evaluated plaintiff at the behest of DSHS, a different government agency, and the purpose of his evaluation was to assess her fitness as a parent. Unlike medical evaluations involving worker's compensation claims, for example, Dr. O'Leary's findings are couched entirely in terms of plantiff's ability to care for young children and to form a viable and consistent family unit. AR 695. Dr. O'Leary did not assign any specific limitations on her ability to work, nor does his report suggest that she would be incapable of performing simple repetitive tasks in a fairly isolated environment. Instead, his report is focused on her relationship with her children and her ability to care for them. AR 679-99. Accordingly, the ALJ had no duty to provide specific reasons for rejecting any part of Dr. O'Leary's opinion. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (finding that the ALJ need not provide "clear and convincing" reasons for rejecting a physician's report that did not assign any specific limitations on the claimant's ability to work). Plaintiff cites no case to the contrary.

Finally, plaintiff's contention that the ALJ should have re-contacted Dr. O'Leary or obtained evidence from an additional source is without merit. "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). Nothing in Dr. O'Leary's evaluation is ambiguous; rather, his report simply focuses on plaintiff's fitness as a parent and fails to address any specific work-related functional limitations. Additionally, the record contains a significant number of medical opinions, spanning a number of years, and plaintiff fails to explain how the record was deficient.

ORDER – 3

Accordingly, the court ADOPTS the report and recommendation (Dkt. # 23) and AFFIRMS the administrative decision. The clerk is directed to send copies of this order to all counsel and to Judge Theiler.

DATED this 9th day of June, 2015.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 4